

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00123-CV

**IN THE INTEREST OF J.J.H.**, a Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01604
Honorable Charles E. Montemayor, Judge Presiding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                 Beth Watkins, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: June 21, 2023

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mom appeals the trial court's order terminating her parental rights to her child J.J.H.[2] For the reasons given below, we affirm the trial court's order.

At the trial on the merits, the Department's case worker and Mom both testified. The trial court heard the following testimony.[3]

In response to Mom's illegal drug use, untreated mental health issues, and negligence caring for J.J.H, the child was removed and the Department created a family service plan for Mom. Mom was ordered to complete random drug screens. She failed to show up for 22 of 23 ordered

---

[1] The Honorable Marisa Flores is the presiding judge of the 224th Judicial District Court. The Honorable Charles E. Montemayor, associate judge, signed the order being appealed.

[2] We use aliases to protect the child's identity. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

[3] Because Mom is the only appellant, we limit our recitation of the facts to those relevant to Mom and the child.

tests; the one she took was positive for methamphetamine. Mom explained that she had trouble making it to the tests because she had to work, she didn't have time, she didn't have a ride, and she was already drug testing for her probation officer. Mom completed her drug assessment and was enrolled in a drug treatment program, but she was discharged early as unsuccessful because she failed to complete her drug tests.

Mom did not provide any support for J.J.H. in the more than two years the child had been removed, and she failed to provide proof of stable housing or proof of stable employment as required. The case worker testified that Mom had threatened the child visitation monitors, made death threats to the foster mother, and threatened the case worker, but Mom denied the allegations. Mom asserted she was receiving treatment for her mental health needs, she had a stable home and job, and she could care for J.J.H.

J.J.H. has been living with the foster family for about eighteen months; the foster family is meeting the child's present needs and can meet the child's future needs. J.J.H. is bonded to the placement family. J.J.H. calls the foster mother "Mom," and J.J.H. wants to stay with their family. The placement family is licensed, and they want to adopt J.J.H.

The trial court found Mom's course of conduct met grounds (N), (O), and (P), and terminating Mom's rights was in J.J.H.'s best interest. It terminated Mom's parental rights to J.J.H. Mom appeals.

### ANDERS BRIEF

Mom's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. Counsel concludes there are no arguable grounds to reverse the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also represents that he provided Mom

with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. He advised Mom of her right to review the record and file her own brief.

We ordered Mom to file her pro se brief, if any, not later than May 8, 2023. Mom did not request a copy of the record or file a pro se brief.

Having carefully reviewed the entire record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. *See Anders*, 386 U.S. at 744; *In re J.S.G.*, 613 S.W.3d 560, 560 (Tex. App.—San Antonio 2020, no pet.). We further conclude that there are no plausible grounds to reverse the termination order. *See In re J.S.G.*, 613 S.W.3d at 560.

We affirm the trial court's order.

### MOTION TO WITHDRAW

In his motion to withdraw, court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous and without merit. Counsel's duty to Mom is not yet complete; the motion to withdraw is denied. *See id.* at 27, n.11; *see also* TEX. FAM. CODE ANN. § 107.016(2)(B); *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'" (quoting *In re P.M.*, 520 S.W.3d at 27–28)).

Patricia O. Alvarez, Justice